IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

| | |
|---|---|
| CHRISTOPHER D. MCKAY,<br><br>Plaintiff,<br><br>vs.<br><br>EXPERIS US, INC. and<br>MANPOWERGROUP US INC.,<br><br>Defendants. | Civil Action No. 5:20-cv-139<br><br>**NOTICE OF REMOVAL** |

Defendants Experis US Inc.[1] ("Experis") and ManpowerGroup US Inc. ("Manpower") (collectively "Defendants"), by and through undersigned counsel, file this Notice of Removal in accordance with 28 U.S.C. §§ 1332, 1441, and 1446 and hereby remove this action from the General Court of Justice of Wake County, Superior Court Division, North Carolina to the United States District Court for the Eastern District of North Carolina, Western Division. In support of this Notice of Removal, Defendants state as follows:

1. On or about February 26, 2020, Plaintiff Christopher D. McKay ("Plaintiff"), a former employee of Defendant Manpower, filed a lawsuit in the General Court of Justice of Wake County, Superior Court Division, North Carolina, titled *Christopher D. McKay v. Experis US, Inc. and ManpowerGroup US, Inc.*, 20CVS02777 (the "State Court Civil Action").

2. On March 4, 2020, Plaintiff's counsel served Defendants with a copy of the Summons and Complaint by certified mail. (Exhibit A: Summons); (Exhibit B: Complaint). Therefore, this Notice of Removal is timely. *See* 28 U.S.C. § 1446(b).

---

[1] Experis US Inc. was incorrectly named in Plaintiff's Complaint as "Experis US, Inc." Additionally, Experis US Inc. is not a proper party in this action, as Plaintiff's employer was Defendant ManpowerGroup US Inc.

3. This Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332 because the parties are citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

4. Plaintiff is a resident of the State of North Carolina. (*See* Complaint, ¶ 1).

5. Defendant Experis is a Wisconsin corporation with its corporate headquarters and principal place of business located in the State of Wisconsin. Now, and at the time this action was commenced, Experis's top executives and decision-makers were located in Wisconsin, and the corporation's activities were directed out of Wisconsin.

6. Likewise, Defendant Manpower is a Wisconsin corporation with its corporate headquarters and principal place of business in Wisconsin. Now, and at the time this action was commenced, Manpower's top executives and decision-makers were located in Wisconsin, and the corporation's activities were directed out of Wisconsin. Thus, there is complete diversity among the parties.

7. Plaintiff seeks damages from Defendants in the amount of at least $50,341.96 – which include unpaid wages of $25,170.98, plus "liquidated damages in the same amount." (Complaint, ¶¶ 15, 18, 19, Prayer for Relief ¶¶ 1, 2). Plaintiff also seeks attorneys' fees under § 95-25.22(d). (Complaint, ¶ 19, Prayer for Relief at ¶¶ 2, 3).

8. In addition to the specific request for unpaid wages and liquidated damages totaling at least $50,341.96, as described above, the attorneys' fees Plaintiff seeks also counts toward the $75,000 jurisdictional amount in controversy requirement. As a general rule, "[a]ttorney's fees are considered part of the amount in controversy in cases brought under statutes providing for such fees." *Aerial Images, Inc. v. Anderson*, No. 5:99CV320-BO(3), 2000 WL 33682689, at *2 n.2 (E.D.N.C. Feb. 21, 2000). Such fees are recoverable in North Carolina wage and hour disputes.

N.C. Gen. Stat. Ann. § 95-25.22 (employees are entitled to their unpaid amounts plus interest, liquidated damages in the same amount absent a good faith showing by the employer, and the court may award costs and fees).

9. Courts may consider a "reasonable estimate" for such fees in determining the amount in controversy. *Cole v. Wells Fargo Bank, N.A.*, No. 1:15-CV-00039-MR, 2016 WL 737943, at *4 (W.D.N.C. Feb. 23, 2016). An amount of $25,000.00 is a reasonable estimate of attorneys' fees for this case. *See Johnston v. Schwan's Home Serv., Inc.*, No. 1:09CV211, 2009 WL 1795301, at *2 (M.D.N.C. June 24, 2009) (finding the amount in controversy was satisfied based on $53,110.00 in damages and estimated attorney fees).

10. When combined with Plaintiff's claims for lost wages and liquidated damages in the amount of at least $50,341.96, a reasonable attorneys' fee of $25,000.00 makes the amount in controversy more than $75,000.00.

11. Thus, the amount in controversy in this case exceeds $75,000.00, exclusive of interests and costs. Accordingly, this Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 and this case is removable under 28 U.S.C. § 1441.

12. Defendants have attached to this filing true and correct copies of all process, pleadings, and orders served on Defendants in this action. *See* Exhibits A & B; 28 U.S.C. § 1446(a).

13. Venue is proper in the United States District Court for the Eastern District of North Carolina, as this case was originally filed in Wake County, Superior Court Division, North Carolina, which lies within this District. *See* 28 U.S.C. § 1446(a); 28 U.S.C. § 113(a).

14. A true and complete copy of this Notice of Removal has been served upon the Clerk of the General Court of Justice of Wake County, Superior Court Division, North Carolina for filing

- 3 -

in accordance with 28 U.S.C. § 1446(d). A copy of the Notice of Filing of Notice of Removal is attached hereto as Exhibit C, the original of which is being filed with the General Court of Justice of Wake County, Superior Court Division, North Carolina Civil Clerk. This Notice of Removal and a Notice of Filing of Notice of Removal have also been served via overnight courier upon Plaintiff.

Respectfully submitted, this 3rd day of April, 2020.

/s/Elizabeth H. Pratt
Elizabeth H. Pratt, Bar No. 46132
epratt@littler.com
Jeanine Conley Daves *(pro hac vice forthcoming)*
jconley@littler.com
LITTLER MENDELSON, P.C.
Bank of America Corporate Center
100 North Tryon Street, Suite 4150
Charlotte, NC 28202
Tel. No.: (704) 972-7000
Fax No.: (704) 333-4005

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

This is to certify that on April 3, 2020, the undersigned filed this **NOTICE OF REMOVAL** with the Clerk of the Court using the CM/ECF system, and upon Plaintiff's attorneys of record via U.S. Mail, first class, proper postage affixed thereto and addressed as follows:

Michael J. Tadych
K. Matthew Vaughn
1101 Haynes Street, Suite 100
Raleigh, NC 27604

*/s/Elizabeth H. Pratt*
Elizabeth H. Pratt