IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:20-CV-139-FL

| | | |
|---|---|---|
| CHRISTOPHER MCKAY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| EXPERIS US INC. and MANPOWER GROUP US INC, | ) ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on plaintiff's motion to remand (DE 13). The motion has been briefed fully, and in this posture, the issues raised are ripe for ruling. For the following reasons, plaintiff's motion is denied.

**STATEMENT OF THE CASE**

Plaintiff commenced this action in Wake County Superior Court on February 26, 2020, asserting state law claims of breach of contract and failure to pay wages in violation of the North Carolina Wage and Hour Act, N.C. Gen. Stat. § 95-25.1, et seq. ("NCWHA"). Plaintiff seeks damages, including liquidated damages, as well as costs, attorneys' fees, and pre-judgment and post-judgment interest.

Defendants filed a notice of removal in this court on April 3, 2020, asserting diversity jurisdiction on the basis that "the parties are citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of costs and interests." (DE 1 ¶ 3). Plaintiff filed the instant motion to remand for lack of subject matter jurisdiction on May 4, 2020. Defendants

responded in opposition to plaintiff's motion to remand on May 26, 2020, relying upon a declaration of Christopher Blake ("Blake"), an attorney practicing law in Raleigh, North Carolina. Plaintiff replied in support of remand on June 9, 2020.

### STATEMENT OF FACTS

The facts alleged in the complaint may be summarized as follows. Plaintiff is a citizen and resident of Wake County, North Carolina. (Compl. (DE 1-4) ¶ 1). Defendant Experis US Inc. ("Experis"), a Wisconsin corporation with its principal place of business in Wisconsin, employed plaintiff from February 6, 2012, until July 13, 2019, first as a Business Development Manager in Philadelphia, Pennsylvania, and most recently as Managing Director in Raleigh, North Carolina. (Id. ¶¶ 2, 4). Defendant Manpower Group US Inc. ("Manpower"), a Wisconsin corporation with its principal place of business in Wisconsin, compensated plaintiff for his work efforts, as reflected on plaintiff's pay statements. (Id. ¶ 3).

While employed by defendant Experis, plaintiff received a base salary, as well as an auto allowance. (Id. ¶ 5). In addition, plaintiff was eligible for incentive compensation under defendant Experis's 2019 plan, which provided "incentives are earned and paid on an individual stand-alone quarterly basis." (Id.). According to plaintiff's complaint, his work efforts in 2019 were exemplary, and he earned an incentive bonus of at least $19,532.42 for his work in the second quarter of 2019, which spanned from March 25, 2019, until June 23, 2019. (Id. ¶¶ 6, 10). However, when he was terminated on July 13, 2019, he had not received his second quarter incentive bonus. (Id.).[1] Plaintiff further alleges that defendants have paid second quarter bonuses to its remaining employees. (Id. ¶ 9).

---

[1] Following his termination, the next regular pay date was July 25, 2019, and payment of quarterly bonuses for the second quarter of 2019 were calculable on June 30, 2019, and due for deposit into his account on August 22, 2019. (Compl. DE 1-4) ¶ 6).

2

Additionally, plaintiff alleges defendants have an established policy of providing at least two weeks' severance compensation "in lieu of notice." (Id. ¶ 7). Under this policy, plaintiff estimates defendants owe him at least $5,638.46. (Id. ¶ 10). Plaintiff has made several demands for payment of his "in lieu of notice" compensation and his incentive bonus, but defendants have failed to pay him these amounts. (Id. ¶¶ 8, 12).

**COURT'S DISCUSSION**

A.  Standard of Review

In any case removed from state court, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). "The burden of establishing federal jurisdiction is placed upon the party seeking removal." Mulcahey v. Columbia Organic Chemicals Co., 29 F.3d 148, 151 (4th Cir. 1994). "Because removal jurisdiction raises significant federalism concerns, [the court] must strictly construe removal jurisdiction." Id. "If federal jurisdiction is doubtful, a remand is necessary." Id.; see Common Cause v. Lewis, 956 F.3d 246, 252(4th Cir. 2020) (recognizing the court's "duty to construe removal jurisdiction strictly and resolve doubts in favor of remand") (quoting Palisades Collections LLC v. Shorts, 552 F.3d 327, 336 (4th Cir. 2008)).

B.  Analysis

Plaintiff argues that remand is required because diversity jurisdiction asserted upon removal is lacking.

This court has diversity jurisdiction over civil actions "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States[.]" 28 U.S.C. § 1332(a)(1). Here, it is undisputed that the parties are diverse, as plaintiff is a citizen of North Carolina and defendants are citizens of Wisconsin. Therefore, the

3

issue presented by this case is whether the jurisdictional amount in controversy requirement is satisfied.

As defendants seek removal, they must "prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional minimum." Francis v. Allstate Ins. Co., 709 F.3d 362, 369 (4th Cir. 2013). Moreover, "[c]ourts generally determine the amount in controversy by reference to the plaintiff's complaint." JTH Tax, Inc. v. Frashier, 624 F.3d 635, 638 (4th Cir. 2010) (citing Wiggins v. N. Am. Equitable Life Assur. Co., 644 F.2d 1014, 1016 (4th Cir. 1981)). Finally, courts determine the amount in controversy "at the time the action is filed." Porsche Cars N. Am., Inc. v. Porsche.net, 302 F.3d 248, 255–56 (4th Cir. 2002).

Here, plaintiff seeks $5,638.46 as "in lieu of notice" compensation, $19,532.52 as incentive compensation, and $25,170.98 in liquidated damages under N.C. Gen. Stat. § 95-22.22. (Compl. (DE 1-4) ¶¶ 10, 19). Thus, in total, plaintiff seeks $50,341.96, which is $24,658.04 less than the jurisdictional threshold. Nevertheless, defendants argue, and plaintiff denies, that the amount in controversy exceeds $75,000, in light of plaintiff's request for attorneys' fees under North Carolina General Statute § 95-25.22(d).

In general, "attorneys' fees are not included in the amount-in-controversy calculation, but courts have created two exceptions to this rule: (1) if the fees are provided for by contract; or (2) if a statute mandates or allows payment of attorneys' fees." Francis, 709 F.3d at 368. In the instant action, the second exception applies, since North Carolina General Statute § 95-25.22(d) authorizes the payment of reasonable attorneys' fees. See N.C. Gen. Stat. § 95-25.22(d)

Having found that attorneys' fees are properly includable in the amount in controversy calculation, the court turns to consider whether reasonable attorneys' fees in this action will exceed $24,658.04. Arguing in the affirmative, defendants proffer declaration of Blake, an attorney

4

practicing law in Raleigh, North Carolina, wherein Blake indicates that attorneys in the Raleigh area, who have approximately 25 years of experience, bill at least $300.00 per hour while litigating claims for unpaid wages under the NCWHA. (Blake Decl. (DE 16-1) ¶ 4). In light of this declaration, defendants calculate that plaintiff's attorneys, who have 23 and 27 years of experience, would need to bill 83 hours, at a rate of $300.00 per hour, in order to earn $24,658.05 in attorneys' fees. Defendants argue plaintiff's attorneys will likely expend twice that much time litigating the instant matter, considering the need to propound discovery requests, conduct depositions, brief dispositive motions, and prepare for trial.

Where defendants' attorneys' fee estimate is reasonable, the court finds that defendants have shown by a preponderance of the evidence that the amount in controversy requirement exceeds $75,000. See Francis, 709 F.3d at 368 (affirming district court's use of "experience and common sense" to estimate the amount of attorneys' fees properly includable in the amount in controversy); see also Johnston v. Schwan's Home Serv., Inc., No. 1:09-CV-211, 2009 WL 1795301, at *2 (M.D.N.C. June 24, 2009) ("Defendant has submitted an affidavit from . . . an attorney . . . stating that he expects that . . . Plaintiff's counsel would have an hourly billing rate of at least $300.00 per hour. Defendant then calculates that Plaintiff's counsel would only need to bill 73 hours to surpass the $21,890 in attorney's fees needed to raise the amount in controversy to more than $75,000. This calculation appears reasonable.").

However, plaintiff argues that defendants' attorneys' fees estimate is too speculative to be included in the amount in controversy, relying upon Bartnikowski v. NVR, Inc., 307 F. App'x 730, 735 (4th Cir. 2009). In Bartnikowski, the Fourth Circuit held the defendant did not satisfy the amount in controversy requirement for federal removal jurisdiction under the Class Action

Fairness Act, where defendant's estimates of damages and attorneys' fees were "pure speculation." 307 F. App'x at 736, n.12.

Bartnikowski, however, is inapposite for several reasons. First, in Bartnikowski, the amount in controversy needed to exceed $5,000,000.00, a significantly steeper amount than is required in the instant action. 307 F. App'x at 734. Second, in Bartnikowski, plaintiffs did not specify the amount of damages they were seeking in their complaint; thus, defendant was forced to estimate the entire amount in controversy, not just the attorneys' fees, and it relied on assumptions unsupported by the record to do so. 307 F. App'x at 732–735. Here, in contrast, plaintiff has alleged a specific amount of damages in his complaint, leaving only the attorneys' fees amount unspecified. Third, Bartnikowski involved a putative class action. 307 F. App'x at 732. In consequence, on the date the complaint was filed, the number of potential plaintiffs, and thus the amount of time plaintiffs' counsel would need to expend litigating their claims, was an unknown variable. Here, in contrast, the contours of the action are already defined, rendering defendants' attorneys' fee estimate more reliable. Thus, Bartnikowski does not compel remand here.[2]

In support of remand, plaintiff also relies on Can-Dev, ULC v. SSTI Brewster Brampton, LLC, No. 1:15-CV-1060, 2016 WL 8467196, at *3 (M.D.N.C. Sept. 12, 2016), a case where the court held defendant could not "rely on Plaintiff's request for attorneys' fees to buttress its argument that the amount in controversy exceeds the $75,000 jurisdictional threshold." However, Can-Dev is instructively distinguishable, where the plaintiff in that case was suing under the North

---

[2] Plaintiff also argues that because he brings only two claims, a breach of contract claim and a claim for unpaid wages under the NCWHA, this case is relatively straightforward. However, "where this action involves federal jurisdiction, contract interpretation, and choice of law issues . . [t]he complexity of the case is sufficient to establish that it is more likely than not that the attorney's fees likely to be incurred . . . will exceed the jurisdictional threshold." Francis, 709 F.3d at 369. Moreover, Blake's declaration specifically addressed the average billing rate for litigating claims under the NCWHA. (See Blake Decl. (DE 16-1) ¶ 4).

Carolina Declaratory Judgment Act, a statute that does not require or authorize an award of attorneys' fees as a substantive right. 2016 WL 8467196, at *3. Thus, the court held that attorneys' fees could not be included in the amount in controversy. Id. Here, in contrast, plaintiff is suing under the NCWHA, which authorizes attorneys' fees as a substantive right. See N.C. Gen. Stat. § 95-25.22(d).[3]

In sum, where defendants have shown by a preponderance of the evidence that the jurisdictional amount in controversy requirement has been satisfied, the court has jurisdiction over the instant matter, and plaintiff's motion to remand is denied.[4]

## CONCLUSION

Based on the foregoing, plaintiff's motion to remand (DE 13) is DENIED.

SO ORDERED, this the 16th day of July, 2020.

LOUISE W. FLANAGAN
United States District Judge

---

[3] Additional cases relied on by plaintiff, Arthur v. Homesite Ins. Co., No. 2:16-CV-00150, 2016 WL 1717222 (S.D.W. Va. Apr. 28, 2016) and Capstone Elder Planning Grp., Inc. v. Midland Nat. Life Ins. Co., No. 5:07-CV-328 F, 2009 WL 21512, at *2 (E.D.N.C. Jan. 2, 2009), are also distinguishable, where defendants in those cases did not support their attorneys' fees estimates with affidavits, leaving the court to speculate as to the proper amount.

[4] In support of remand, plaintiff points to his request for $1,500 in attorneys' fees in a demand letter sent by counsel, which is attached to his complaint. However, that letter was dated September 9, 2019, approximately five months before plaintiff filed his complaint. (See Compl., Ex. A (DE 1-4)). Thus, at that point, plaintiff's representation required considerably less time and expense than will be required to litigate the instant matter, rendering $1,500 an inadequate estimate of attorneys' fees.